# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                    CASE NO. 8:07-CR-0186-T-27EAJ

**IBRAHAN POSADAS-AGUILERA**
_____/

## REPORT AND RECOMMENDATION

Before the court is Defendant's "motion" for appointment of appellate counsel (Dkt. 123).[1] Defendant states that he wants to appeal his case as soon as possible but cannot afford counsel, does not know how to file a motion, and requires assistance with his case. The only discernible basis for Defendant's appeal is his dissatisfaction with the efforts of trial counsel.

On January 25, 2008, Defendant was sentenced to 120 months in federal prison (Dkt. 57). Defendant timely appealed that judgment (Dkt. 58) and the district court appointed counsel to assist Defendant with his appeal (Dkt. 60). The Eleventh Circuit subsequently appointed another attorney to assist Defendant with his appeal (Dkt. 115) and, on August 17, 2009, affirmed Defendant's conviction and sentence (Dkt. 120).

Defendant does not reveal whether he seeks to directly appeal his judgment of conviction a second time or to collaterally attack it. Regardless, Defendant is not entitled as a matter of right to court-appointed counsel. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.... Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Moreover, the discretionary appointment of counsel is not warranted at this

---

[1] Defendant filed a letter to the court which is liberally construed as a motion.

time by Defendant's mere dissatisfaction with the efforts of his trial counsel. See 18 U.S.C. § 3006A(a)(2)(B) (authorizing appointment of counsel for those seeking relief under 18 U.S.C. § 2241, 2254, or 2555 where "the interests of justice so require"); see also Johnson v. Avery, 393 U.S. 483, 488 (1969) ("In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing.").

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's motion for appointment of appellate counsel (Dkt. 123) be **DENIED.**

**Date: May 25, 2010**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge